UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ted Lanier, Jr., Pro Se | Elizabeth Farrell |

**Proceedings:**       DEFENDANTS' MOTION TO DISMISS (Dkt. 16, filed on February 17, 2026)

## I.     INTRODUCTION

On September 18, 2025, plaintiff Ted B. Lanier Jr. ("Lanier"), pro se, filed this action against defendants Mechanics Bank ("Mechanics") and Westlake Portfolio Management, LLC ("Westlake") in Los Angeles Superior Court. Dkt. 1-1. Plaintiff asserts five claims for relief: (1) wrongful repossession in violation of the California Commercial Code §§ 9609 et seq; (2) breach of contract; (3) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788 et seq; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (5) defamation. Id.

On December 10, 2025, Mechanics removed plaintiff's case to this Court based on federal question jurisdiction. Dkt. 1.

On January 15, 2026, plaintiff filed his operative First Amended Complaint ("FAC"). Dkt. 12. Plaintiff asserts six claims for relief: (1) fraud, against Mechanics; (2) wrongful repossession in violation of California Commercial Code §§ 9609 et seq, against Mechanics and Westlake; (3) violation of the FDPCA, 15 U.S.C. § 1692, against Westlake; (4) violation of the Rosenthal Act, Cal. Civ. Code § 1788.17, against Westlake; (5) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Mechanics and Westlake; and (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), against Mechanics and Westlake. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

On January 16, 2026, Mechanics filed a motion to dismiss plaintiff's complaint. Dkt. 11. On January 20, 2026, the Court dismissed as moot Mechanics' motion to dismiss plaintiff's complaint in light of plaintiff's filing of his First Amended Complaint. Dkt. 13.

On February 17, 2026, defendants filed the instant motion to dismiss plaintiff's FAC. Dkt. 16 ("Mot."). On March 2, 2026, plaintiff filed an opposition. Dkt. 18 ("Opp."). On March 9, 2026, defendants filed a reply. Dkt. 19 ("Reply").

On March 23, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following in his First Amended Complaint.

### A.    The Parties

Plaintiff Ted B. Lanier Jr. is an individual residing in Los Angeles County, California. FAC ¶ 5.

Defendant Mechanics Bank is a California corporation that originated and initially serviced plaintiff's vehicle loan. Id. ¶ 6.

Defendant Westlake Portfolio Management, LLC is a California corporation and debt collector that purchased Mechanics Bank's vehicle loan portfolio and serviced plaintiff's vehicle loan. Id. ¶ 7.

### B.    Factual Allegations

On or about May 31, 2021, Plaintiff financed the purchase of a vehicle pursuant to a retail installment sales contract with Mechanics Bank ("the Contract"). Id. ¶ 8.

Plaintiff fell behind on his loan payments in 2022. In January 2023, Mechanics Bank repossessed plaintiff's vehicle. Id. ¶ 9.

Plaintiff contacted Mechanics Bank, "wh[ich] stated the account could be reinstated." Id. ¶ 10. Relying on this communication, Plaintiff paid Mechanics Bank all overdue amounts, late fees, and repossession fees in full. Id. A Mechanics Bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|----------|------------------------|------|----------------|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

representative confirmed the account was "current" and released the vehicle to plaintiff. Id.

Unbeknownst to plaintiff, Mechanics Bank had internally charged off the loan and concealed this fact. Plaintiff was never notified in writing of the charge-off or that his right to reinstate under California law was compromised. Id. ¶ 11.

From January 2023 through July 23, 2025, plaintiff made every monthly loan payment of $335.62. Id. ¶ 12. Defendants accepted and applied all payments. Id.

The payment history defendants later produced shows these payments were logged as "ADV/PRIN - CHGOFF," proving that defendants accepted payments for over two years post-charge-off without notice. Id. ¶ 13.

Plaintiff has continued, and continues to this day, to make the monthly payments of $335.62. Id. ¶ 14. Defendants continue to accept these payments, even after the wrongful repossession and despite their claim that the loan is a "charge-off." Id.

Effective May 1, 2025, Mechanics Bank exited the auto loan business and transferred its entire portfolio to Westlake. Id. ¶ 15. Critically, Mechanics Bank transferred plaintiff's loan as a charged-off debt, while still representing to plaintiff that it was a current, performing loan and continuing to accept his payments. Id.

"Mechanics Bank has a documented history of consumer complaints regarding this chaotic transfer and false credit reporting." Id. ¶ 16.

"Westlake is a notorious debt buyer with 527 BBB complaints in three years and a 'B' rating, reflecting a pattern of illegal repossession, demanding cash-only payments, failing to provide titles, and harassing consumers." Id. ¶ 17.

On August 5, 2025, without any prior written notice of default or right to cure, Westlake repossessed plaintiff's vehicle. Id. ¶ 18.

A Westlake representative immediately demanded $5,500 (the full balance) plus a $500 repossession fee, payable only in cash via MoneyGram, threatening to auction plaintiff's vehicle within days. Id. ¶ 19. "The stated reason was the accounts 'charge-off' status—the very status Mechanics Bank had concealed." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Plaintiff filed complaints with the California Department of Financial Protection and Innovation ("DFPI") and the Consumer Financial Protection Bureau ("CFPB"). Id. ¶ 20.

"In response, Westlake provided the damning payment history (Exhibit B), admitting they had accepted payments post-charge-off." Id. ¶ 21.

"Days later, Westlake tacitly admitted the wrongful repossession by having the car returned to Plaintiff's driveway without explanation, communication, or resolving the loan status. This conduct shows bad faith and knowledge of their own wrongdoing." Id. ¶ 22.

Defendants continue to furnish inaccurate "charge-off" information to credit bureaus, damaging plaintiff's credit. Id. ¶ 23.

Defendants have provided none of the written notices required by law before or after repossession. Id. ¶ 24.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.     Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

"In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV.   DISCUSSION

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of plaintiff's claims. Mot. at 2.

### A.   Fraud

Defendants argue that the FAC fails to state a fraud claim against Mechanics Bank because it is not specific enough. Id. at 4. They argue that the FAC fails to explain why Mechanics Bank's alleged failure to disclose the fact that plaintiff's loan was charged-off "was concealed when [this fact] was plainly documented on Lanier's payment history. See FAC ¶ 13." Id. Defendants further argue that plaintiff fails to allege that Mechanics Bank's alleged fraud caused plaintiff damages because "[plaintiff] … fails to allege that he would have done anything different[ly] had he been aware of the charge-off." Id.

In opposition, plaintiff argues that his fraud claim is sufficiently pleaded with particularity: "The FAC alleges with particularity: (1) who made the misrepresentation (a Mechanics Bank representative); (2) what was said (the account was "current"); (3) when it was said (January 2023); (4) where it occurred (by phone); and (5) why it was false (Mechanics Bank had internally charged off the loan without disclosure). FAC ¶¶ 10-11." Opp. at 2. Plaintiff further argues that the alleged fraud caused him injury because "had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Plaintiff known the true status [of his account], he could have protected his reinstatement rights and avoided the subsequent sale of his loan to a predatory debt buyer." Id. at 3.

In reply, defendants repeat their arguments. Reply at 2-3.

Plaintiff has adequately pled a fraud claim against Mechanics Bank. To plead a fraud claim, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In California, to plead a common law fraud claim, a plaintiff must allege: "(a) misrepresentation (false representation, *concealment*, or *nondisclosure*); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996) (emphases added). Here, plaintiff alleges that "Mechanics Bank had a duty to disclose the material fact that Plaintiff's loan was charged off and that this would affect his rights" but that "Mechanics Bank knowingly concealed this fact in January 2023 when it accepted [plaintiff's] reinstatement payments and represented [plaintiff's loan] account as 'current.'" FAC ¶ 26. Plaintiff alleges that a Mechanics Bank representative made this misrepresentation. Id. ¶ 10. Plaintiff further alleges that "Mechanics Bank concealed this [fact] to induce Plaintiff to continue payments and to facilitate the sale of [its] loan portfolio," and that "Plaintiff relied on this false representation to his detriment by making payments and losing his vehicle." Id. ¶¶ 28-29. Accordingly, plaintiff has adequately alleged a claim for fraud against Mechanics Bank with requisite particularity under Rule 9(b). See Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'") (citation omitted).

On a motion to dismiss, the Court must accept plaintiff's well-pleaded factual allegations as true. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977) ("On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff.").

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's fraud claim against Mechanics Bank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

### B.      Wrongful Repossession

Defendants argue that plaintiff's second claim for wrongful repossession against both defendants fails because Westlake's "collection (and thus, repossession) was proper due to [plaintiff's] account's default/charged-off status." Mot. at 5.

In opposition, plaintiff argues that defendants wrongfully possessed his vehicle under California law by failing to provide him with pre-possession notice under Civil Code § 2983.2. Opp. at 4. Moreover, plaintiff argues that Westlake's "repossession itself was wrongful because Plaintiff was not in default—Defendants were accepting his payments. FAC ¶¶ 12-14." Id.

In reply, defendants argue that "[p]laintiff's attempt to avoid dismissal [of his wrongful repossession claim] by claiming pre-repossession notices were not provided is unsupported by the FAC's exhibits and [Cal. Civ. Code § 2983.2(a)]." Reply at 2. Defendants argue that Cal. Civ. Code § 2983.2(a) "is a *post*-repossession, pre-sale notice—not a *pre*-repossession notice as [plaintiff] claims." Id. Defendants also repeat that because the FAC alleges that "the account was both delinquent and current … plaintiff cannot claim the repossession was wrongful." Id.

Plaintiff has adequately stated a claim for a violation of California Commercial Code § 9609. The statute provides:

(a) *After default*, a secured party may do both of the following:

(1) Take possession of the collateral. …

Cal. Com. Code § 9609(a) (emphases added).

"Under the [Rees–Levering] Act, defaulting buyers whose vehicles have been repossessed by or surrendered to a creditor must be afforded the opportunity to 'redeem' their vehicles by paying the full balance due under the contract. [Cal. Civ. Code] § 2983.2(a)(1). Buyers also have a 'conditional right to reinstate the contract' by curing the default and paying any applicable delinquency charges. Id. §§ 2983.2(a)(2), 2983.3(a), (d)." Bankston v. Americredit Fin. Servs., Inc., No. C 09-04892 SBA, 2011 WL 89730, at *1 (N.D. Cal. Jan. 10, 2011). "Under [Section 2983.3], the buyer has a right to reinstate … Although the[] costs to reinstate may be substantial, 'the option of reinstating a contract is often preferable to redemption, because reinstatement allows the buyer to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

recover the car without having to pay the full balance due on the contract...." Ramirez v. Balboa Thrift & Loan, 215 Cal. App. 4th 765, 779 (2013) (citation omitted). See also Cal. Com. Code § 9623 ("A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral. …"); Smith v. Barrett, Daffin, Frappier, Treder & Weiss, LLP, No. 18-CV-06098-RS, 2019 WL 2525185, at *7 (N.D. Cal. June 19, 2019) (holding that, in the context of a mortgage on real property, "a reinstatement is a tender of the amount required for a cure of the default (back payments and costs) that reinstates the loan according to the original terms as if no default had occurred.").

Here, plaintiff alleges that Mechanics Bank repossessed his vehicle in January 2023 after he failed to make payments in compliance with the installment Contract. FAC ¶ 9. However, plaintiff further alleges that his Contract was reinstated shortly after "Plaintiff paid all overdue amounts, late fees, and repossession fees." See FAC ¶ 10. Plaintiff the alleges that Westlake wrongfully repossessed his vehicle on August 5, 2025, even though his loan was not in default but was instead "current" and "reinstated." FAC ¶ 18. Because plaintiff alleges that Westlake took possession of his vehicle despite the fact that his vehicle loan was reinstated, plaintiff adequately alleges that Westlake violated California Commercial Code § 9609, which, along with the Rees–Levering Act, permits repossession of plaintiff's vehicle only after his default had *not* been cured, for example, by reinstatement of the Contract. See Bankston, 2011 WL 89730, at *1.

However, plaintiff fails to state a claim for violation of California Commercial Code § 9609 against Mechanics Bank because he does not allege that Mechanics Bank wrongfully repossessed his vehicle; rather, plaintiff appears to allege that Mechanics Bank lawfully repossessed his vehicle after he defaulted on his installment contract. See FAC ¶ 9. According to plaintiff, he subsequently cured that default when he paid all overdue amounts, late fees, and repossession fees in full. Id. ¶ 10. The only other—and allegedly unlawful—repossession of his vehicle alleged by plaintiff was undertaken by Westlake on August 5, 2025. Id. ¶ 18.

Although plaintiff elsewhere alleges that his loan account was in default for purposes of pleading Mechanics Bank's misrepresentation as part of his fraud claim, see FAC ¶ 10, he may also inconsistently plead in the alternative that his account was *not* in default for purposes of his wrongful repossession claim. See Federal Rules of Civil Procedure 8(d)(2) and (3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Plaintiff fails to allege that Westlake violated the notice requirement of the Rees–Levering Act, Cal. Civ. Code. § 2983.2(a). "Under the [Rees–Levering Act], if a vehicle is repossessed or surrendered after default by the buyer, at least 15 days notice of intent to dispose of the vehicle must be provided before the vehicle may be sold. [Cal. Civ. Code. § 2983.2(a)]." Perez v. Midland Funding, LLC, No. 10-CV-01916-LHK, 2010 WL 4117461, at *1 (N.D. Cal. Oct. 19, 2010). Plaintiff does not allege that Westlake failed to timely send plaintiff a notice of intent to dispose of the vehicle—to the contrary, plaintiff alleges that after Westlake's August 5, 2025 repossession of the vehicle, "[a] Westlake representative *immediately* demanded $5,500 (the full balance) plus a $500 repossession fee, payable ONLY in cash via MoneyGram, *threatening to auction the car within days.*" FAC ¶ 19. Accordingly, plaintiff fails to allege that Westlake violated Cal. Civ. Code. § 2983.2(a).

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's claim for wrongful repossession under Cal. Com. Code § 9609(a) against Westlake.

The Court **GRANTS** defendants' motion to dismiss plaintiff's claim for wrongful repossession under Cal. Com. Code § 9609(a) against Mechanics Bank, with leave to amend.

The Court **GRANTS** defendants' motion to dismiss plaintiff's claim for violation of Cal. Civ. Code. § 2983.2(a) against Westlake, with leave to amend.

### C.    Fair Debt Collection Practices Act

Defendants argue that plaintiff's FDCPA claim against Westlake fails as a matter of law because the FAC fails to allege that Westlake is a "debt collector," which under the FDCPA excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which *was not in default* at the time it was obtained by such person." Id. at 5 (quoting 15 U.S.C. § 1692a(6)(F)(iii)). Here, defendants argue that because the FAC alleges that "at the time servicing rights for his account were transferred to Westlake, 'it was a current, performing loan,'… Westlake falls outside the definition of a debt collector." Id. Moreover, defendants argue that even if Westlake qualified as a debt collector under the FDCPA, the FAC fails to allege that Westlake violated the FDCPA because Westlake had every right to collect on plaintiff's debt, given that it was charged-off due to plaintiff's delinquency. Id. at 5-6 (citing cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

In opposition, plaintiff argues that Westlake is a "debt collector" within the meaning of the FDCPA because the FAC alleges that "Westlake acquired a defaulted debt, making it a debt collector under 15 U.S.C. § 1692a(6)(F)(iii)." Opp. at 4. Moreover, plaintiff argues that Westlake's alleged conduct violated the FDCPA because its "demand[s] for cash-only via MoneyGram and threat of imminent auction" constitute unfair practices and false representations under the FDCPA. Id. at 5.

In reply, defendants argue that "Plaintiff … cites no law that supports the conclusion that requiring payments to be made in cash or by certified funds violates the FDCPA." Reply at 3.

Plaintiff's FDCPA claim fails because the FAC does not allege that Westlake is a "debt collector" within the meaning of the FDCPA. "The FDCPA makes debt collectors strictly liable for misleading and unfair debt collection practices." Kaiser v. Cascade Cap., LLC, 989 F.3d 1127 (9th Cir. 2021). "The FDCPA applies to debt collectors (rather than creditors), who are defined in [the statute.]" Anderson v. Kimball, Tirey & St. John LLP, No. 3:13-CV-253-JM (NLS), 2013 WL 12086645, at *3 (S.D. Cal. July 9, 2013). Under the FDCPA, "any person who offers or extends credit creating a debt *or to whom a debt is owed*" is a "creditor"; by contrast, the FDCPA defines a "debt collector" as "any person … who regularly collects or attempts to collect … debts owed or due … to … *another*." 15 U.S.C. § 1692a(4), (6) (emphases added). Further, "it is well-established that ... a loan servicer is not a 'debt collector' under the FDCPA." Okada v. Green Tree, No. C-10-0487 JCS, 2010 WL 1573781, at *3 (N.D. Cal. Apr. 19, 2010) (citing cases). See also Morgan v. U.S. Bank Nat. Ass'n, No. C 12-03827 CRB, 2012 WL 6096590, at *6 (N.D. Cal. Dec. 7, 2012) (noting that the legislative history of the FDCPA "highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers"). Here, plaintiff alleges that Westlake "purchased Mechanics Bank's auto loan portfolio and serviced Plaintiff's loan." FAC ¶ 7. Because plaintiff alleges that Westlake is a loan servicer and not a debt collector,[1] his FDCPA claim against Westlake fails as a matter of law.

---

[1] Westlake is not a "debt collector" under the FDCPA because a debt collector is "any person … who regularly collects or attempts to collect … debts owed or due … to … *another*," 15 U.S.C. § 1692a(6) (emphasis added), whereas plaintiff alleges that Westlake is an entity "to whom a debt is owed"—that is, a "creditor" under the FDCPA. 15 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|----------|----------------------|------|----------------|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's FDCPA claim against Westlake, with leave to amend.

### D.    Rosenthal Act

Defendants argue that plaintiff's Rosenthal Act claim against Westlake fails to the extent that it "is based on the same purportedly wrongful conduct as the FDCPA claim." Id. at 6. To the extent that plaintiff's Rosenthal Act claim stems from Westlake's August 2025 repossession of plaintiff's vehicle, defendants argue that the claim fails because the statute provides that a "debt collector shall have no civil liability under this title if, within 15 days either after discovering a violation which is able to be cured … ," and Westlake cured any alleged violation of the statue by promptly returning plaintiff's vehicle. Id. at 6 (citing FAC ¶ 22).

In opposition, plaintiff argues that his Rosenthal Act claim is sufficient because his FDCPA claim is sufficient. Opp. at 5. Moreover, plaintiff argues that "[d]efendants' 'cure' argument fails because returning the vehicle without notice of the violation or correction does not satisfy Cal. Civ. Code § 1788.30(d)." Id.

In reply, defendants argue that Westlake's "corrective action" of returning plaintiff's vehicle "eliminates any basis for Rosenthal Act liability." Reply at 3.

Under the Rosenthal Act, it is unlawful to cause "a telephone to ring repeatedly or continuously to annoy the person called," Cal. Civ. Code § 1788.11(d), or "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and constitute an harassment to the debtor under the circumstances." Id. § 1788.11(e). See also Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010). "The provisions of the FDCPA are incorporated into the Rosenthal Act such that 'a violation of the FDCPA is *per se* a violation of the Rosenthal Act.'" Best v. Ocwen Loan Servicing, LLC, 64 Cal. App. 5th 568, 576 (2021); see also Cal. Civ. Code § 1788.17. Dantzler v. PHH Mortg. Corp., No. 2:23-CV-10562-MRA-MAR, 2024 WL 5379405, at *5 (C.D. Cal. Dec. 23, 2024). "To state a claim under the Rosenthal Act, a plaintiff must establish that (1) they are a "consumer," (2) who was the object of a collection activity arising from a "debt," (3) the defendant is a "debt collector," and (4)

---

§ 1692a(4). See FAC ¶ 15 (alleging that Westlake purchased plaintiff's vehicle loan from Mechanics Bank).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

the defendant violated a provision of the FDCPA." Dantzler v. PHH Mortg. Corp., No. 2:23-CV-10562-MRA-MAR, 2024 WL 5379405, at *5 (C.D. Cal. Dec. 23, 2024).

Because plaintiff fails to state a FDCPA claim, his Rosenthal Act claim also fails. Ramsire v. Collectcorp, Inc., No. C 05-03401 WHA, 2006 WL 8459564, at *3 (N.D. Cal. Jan. 26, 2006) ("Since plaintiff fails to state a claim under the FDCPA, plaintiff also cannot state a claim under Section 1788.17 of the Rosenthal Act. … To succeed under this state provision, therefore, plaintiff would need to state a claim under a provision of the FDCPA. Plaintiff does not do so.").

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's Rosenthal Act against Westlake, with leave to amend.

### E.    Fair Credit Reporting Act

Defendants argue that plaintiff's FCRA claim against both defendants fail because "[plaintiff] does not allege that he disputed any alleged inaccuracy with a consumer reporting agency," and "'[a] credit furnisher's duty to investigate pursuant to Section 1681s-2(b) arises only when it receives notice of a dispute from a credit reporting agency.'" Id. at 7 (quoting Iyigun v. Cavalry Portfolio Servs., LLC, No. CV-12-8682-MWF JEMX, 2013 WL 950947, at *2 (C.D. Cal. Mar. 12, 2013). Moreover, defendants argue that plaintiff fails to allege that any credit reporting inaccuracy existed on plaintiff's credit report, given that "his account was in fact charged-off as a result of his 2022 default." Id.

In opposition, plaintiff argues that his FCRA claim is sufficiently pleaded because the FAC alleges that "Plaintiff's disputes [of the accuracy of plaintiff's information] have been conveyed to Defendants." Id. at 5-6. Moreover, plaintiff argues that he sufficiently alleges that defendants furnished inaccurate information about him to credit bureaus because "reporting [his vehicle] loan as 'charged off' without noting that payments were accepted post-charge-off and the account was brought current is misleading" and inaccurate. Id. at 6 (citing Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009)).

In reply, defendants repeat their arguments. Reply at 4.

Under the FCRA, 15 U.S.C. § 1681 s-2(b), a furnisher of credit information, upon receiving notice of dispute from a credit report agency must:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;

15 U.S.C. § 1681s-2(b).

Here, plaintiff alleges that "Defendants are 'furnishers of information' under the FCRA." FAC ¶ 43. Plaintiff further alleges that "[defendants] furnished inaccurate 'charge-off' information to credit bureaus," and that "Plaintiff's disputes [of the accuracy of plaintiff's information] have been conveyed to Defendants." FAC ¶¶ 44-45. Moreover, plaintiff alleges that "[d]efendants have failed to conduct a reasonable investigation and correct the inaccuracies." Id. ¶ 46. While defendants contend that plaintiff fails to explicitly allege that he disputed any alleged inaccuracy of information with a consumer reporting agency, plaintiff's allegations—that "Plaintiff's disputes [of the accuracy of plaintiff's information] have been conveyed to Defendants," FAC ¶ 45— permit the Court to make such a reasonable inference. See Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). Moreover, plaintiff adequately alleges that defendants received disputes of inaccurate information about plaintiff because such information was "misleading"; namely, plaintiff alleges that it was misleading for defendants to convey that plaintiff's auto loan was "charged off" while omitting that plaintiff paid all overdue amounts, late fees, and repossession fees such that his loan was reinstated. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009) (agreeing that "a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression," and that "the omission of the disputed nature of a debt could render the information sufficiently misleading so as to be 'incomplete or inaccurate' within the meaning of the statute."). Thus, plaintiff adequately alleges a claim against defendants under the FRCA, 15 U.S.C. § 1681 s-2(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|----------|----------------------|------|----------------|
| Title    | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's FRCA claims against defendants.

### F.    Unfair Competition Law

Defendants argue that plaintiff's UCL claim fails because it "is based on the same allegations that comprise Lanier's other claims" and thus "fails with the preceding causes of action." Mot. at 8. Defendants further argue that plaintiff's allegation that Westlake violated the UCL by using "illegal threats to collect" fails because the FAC fails to "describe[e] any such threats or how they were illegal." Id. Moreover, defendants argue that plaintiff's UCL claim fails because "the FAC is devoid of facts that show Mechanics Bank's or Westlake's conduct offended an established public policy, much less one tethered to any specific constitutional, statutory, or regulatory provision." Id. at 8-9 (citing Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 854 (2002)). Finally, defendants argue that to the extent that plaintiff's UCL claim is predicated on allegedly fraudulent activity, the claim fails because "[t]he FAC does not identify any conduct generally aimed at, or that would deceive, the public" and "does not allege any deceptive conduct at all." Id. at 9 (citing Mass. Mut. Life Ins. Co. v. Super. Ct., 97 Cal. App. 4th 1282, 1290 (2002)).

In opposition, plaintiff argues that his "UCL claim is not purely derivative" of his other claims. Opp. at 6. Plaintiff argues that his UCL claim is also "based on the coordinated scheme between Mechanics Bank and Westlake: one concealed the charge-off, the other used it to prey on Plaintiff." Id. Plaintiff argues that such alleged conduct also satisfies the "unfair" prong of the UCL. Id.

In reply, defendants repeat their arguments. Reply at 4.

The UCL prohibits "any unlawful, unfair[,] or fraudulent business act or practice and unfair deceptive, untrue[,] or misleading advertising." Cal. Bus. and Prof. Code § 17200. Further, "[b]ecause section 17200's definition is 'disjunctive,' the statute is violated where a defendant's act or practice is unlawful, unfair, [or] fraudulent." S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 878 (1999) (citation omitted). "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law ... be it civil, criminal, federal, state, or municipal, statutory, regulatory, or court-made." Sybersound Recs., Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. 2008) (citation omitted). Because plaintiff adequately alleges a state fraud claim and federal FCRA claim against Mechanics Bank for its business practices, he has adequately alleged a UCL claim against Mechanics Bank predicated on these "unlawful" practices. See id. Likewise, because plaintiff adequately alleges a wrongful repossession claim under Cal. Com. Code § 9609(a) against Westlake, plaintiff has adequately alleged a UCL claim against Westlake predicated on this allegedly "unlawful" practice. See id. !

Additionally, plaintiff alleges that "Defendants' coordinated scheme—whereby Mechanics Bank conceals charge-offs and sells the debt, and Westlake uses illegal threats to collect—constitutes an unlawful, unfair, and fraudulent business practice." FAC ¶ 48. Plaintiff further alleges that defendants' wrongful "practice is evidenced by Westlake's 527 BBB complaints (Exhibit E) and the specific facts of this case." FAC ¶ 49. These allegations, considered alongside others, also adequately allege that defendants engaged in a coordinated "unfair" and "fraudulent" business practice under the UCL. See McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (defining an "unfair" practice as one that is "immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers."); Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1151–52 (9th Cir. 2008) ("[F]raudulent acts are ones where members of the public are likely to be deceived.").

Defendants' arguments do not affect this conclusion. Defendants' argument that, to state a claim under the "unfair" prong of the UCL, plaintiff must allege conduct that offends established public policy, is an inaccurate statement of the law. In Gregory v. Albertson's, Inc., 104 Cal. App. 4th 845, 854 (2002), the California Court of Appeal held that "*where a claim of an unfair act or practice is predicated on public policy,* … the public policy which is a predicate to the action must be "tethered" to specific constitutional, statutory or regulatory provisions." Id. at 854 (emphases added). Here, however, plaintiff's claim against defendants under the UCL's "unfair" prong is not predicated on public policy; it is predicated on the allegation that defendants' business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | March 23, 2026 |
|----------|----------------------|------|----------------|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Moreover, defendants' argument that plaintiff fails to state a claim under the "fraudulent" prong of the UCL is unpersuasive. Plaintiffs' allegation of a "coordinated scheme—whereby Mechanics Bank conceals charge-offs and sells the debt, and Westlake uses illegal threats to collect"—adequately alleges a business practice that is likely to deceive the public. See Mass. Mut. Life Ins. Co. v. Super. Ct., 97 Cal. App. 4th 1282, 1290 (2002) ("The test is whether the public is likely to be deceived. This means that a section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.") (citation omitted).

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's UCL claims against defendants.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's claim for wrongful repossession under Cal. Com. Code § 9609(a) against Mechanics Bank, with leave to amend.

The Court **GRANTS** defendants' motion to dismiss plaintiff's claim for violation of Cal. Civ. Code. § 2983.2(a) against Westlake, with leave to amend.

The Court **GRANTS** defendants' motion to dismiss plaintiff's FDCPA claim against Westlake, with leave to amend.

The Court **GRANTS** defendants' motion to dismiss plaintiff's Rosenthal Act claim against Westlake, with leave to amend.

The Court otherwise **DENIES** defendants' motion to dismiss plaintiff's First Amended Complaint.

Plaintiff shall file a Second Amended Complaint, if any, within fourteen (14) days of this order.

IT IS SO ORDERED.

| | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |