UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Maria Bustillos | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Ted Lanier, Jr., Pro Se                          Kyle Besa

**Proceedings:**   ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS (Dkt. 16, filed on February 17, 2026)

## I.   INTRODUCTION

On September 18, 2025, plaintiff Ted B. Lanier Jr. ("Lanier"), pro se, filed this action against defendants Mechanics Bank ("Mechanics") and Westlake Portfolio Management, LLC ("Westlake") in Los Angeles Superior Court. Dkt. 1-1. Plaintiff asserts five claims for relief: (1) wrongful repossession in violation of the California Commercial Code §§ 9609 et seq; (2) breach of contract; (3) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code §§ 1788 et seq; (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (5) defamation. Id.

On December 10, 2025, Mechanics removed plaintiff's case to this Court based on federal question jurisdiction. Dkt. 1.

On January 15, 2026, plaintiff filed his operative First Amended Complaint ("FAC"). Dkt. 12. Plaintiff asserts six claims for relief: (1) fraud, against Mechanics; (2) wrongful repossession in violation of California Commercial Code §§ 9609 et seq, against Mechanics and Westlake; (3) violation of the FDCPA, 15 U.S.C. § 1692, against Westlake; (4) violation of the Rosenthal Act, Cal. Civ. Code § 1788.17, against Westlake; (5) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Mechanics and Westlake; and (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"), against Mechanics and Westlake. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

On January 16, 2026, Mechanics filed a motion to dismiss plaintiff's complaint. Dkt. 11. On January 20, 2026, the Court dismissed as moot Mechanics' motion to dismiss plaintiff's complaint in light of plaintiff's filing of his FAC. Dkt. 13.

On February 17, 2026, defendants filed a motion to dismiss plaintiff's FAC. Dkt. 16. On March 23, 2026, the Court dismissed, with leave to amend, plaintiff's claims for wrongful repossession under Cal. Com. Code § 9609(a) against Mechanics Bank, plaintiff's claim for violation of Cal. Civ. Code. § 2983.2(a) against Westlake, plaintiff's FDCPA claim against Westlake, and plaintiff's Rosenthal Act claim against Westlake. The Court otherwise denied defendants' motion to dismiss plaintiff's FAC. Dkt. 23 at 17.

On April 6, 2026, Lanier filed a Second Amended Complaint. Dkt. 24 ("SAC"). The SAC asserts the same six claims for relief as asserted in the FAC.

On April 27, 2026, Westlake filed the instant motion to dismiss plaintiff's third and fourth claims in the SAC. Dkt. 29 ("Mot."). On June 6, 2026, Lanier filed an opposition. Dkt. 35 ("Opp."). On June 15, 2026, Westlake filed a reply. Dkt. 36 ("Reply").

On June 29, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following in his SAC.

### A.    The Parties

Plaintiff Ted B. Lanier Jr. is an individual residing in Los Angeles County, California. SAC ¶ 5.

Defendant Mechanics Bank is a California corporation that originated and initially serviced plaintiff's vehicle loan. Id. ¶ 6.

Defendant Westlake Portfolio Management, LLC is a California corporation that purchased Mechanics Bank's vehicle loan portfolio and serviced plaintiff's vehicle loan. Id. ¶ 7. At the time Westlake obtained plaintiff's loan, it was already in default and had been charged off. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

### B.  Factual Allegations

On or about May 31, 2021, Plaintiff financed the purchase of a vehicle pursuant to a retail installment sales contract with Mechanics Bank ("the Contract").  Id. ¶ 8.

Plaintiff fell behind on his loan payments in 2022.  In January 2023, Mechanics Bank repossessed plaintiff's vehicle.  Id. ¶ 9.

Plaintiff contacted Mechanics Bank, "wh[ich] stated the account could be reinstated."  Id. ¶ 10.  Relying on this communication, Plaintiff paid Mechanics Bank all overdue amounts, late fees, and repossession fees in full.  Id.  A Mechanics Bank representative confirmed the account was "current" and released the vehicle to plaintiff. Id.

Unbeknownst to plaintiff, Mechanics Bank had internally charged off the loan and concealed this fact.  Plaintiff was never notified in writing of the charge-off or that his right to reinstate under California law was compromised.  Id. ¶ 11.

From January 2023 through July 23, 2025, plaintiff made every monthly loan payment of $335.62.  Id. ¶ 12.  Defendants accepted and applied all payments.  Id.

The payment history defendants later produced shows these payments were logged as "ADV/PRIN - CHGOFF," proving that defendants accepted payments for over two years post-charge-off without notice.  Id. ¶ 13.

Plaintiff has continued, and continues to this day, to make the monthly payments of $335.62.  Id. ¶ 14.  Defendants continue to accept these payments, even after the wrongful repossession and despite their claim that the loan is a "charge-off."  Id.

Effective May 1, 2025, Mechanics Bank exited the auto loan business and transferred its entire portfolio to Westlake.  Id. ¶ 15.  Critically, Mechanics Bank transferred plaintiff's loan as a charged-off debt, while still representing to plaintiff that it was a current, performing loan and continuing to accept his payments.  Id.

"Mechanics Bank has a documented history of consumer complaints regarding this chaotic transfer and false credit reporting."  Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

"Westlake is a notorious debt buyer with 527 Better Business Bureau complaints in three years and a 'B' rating, reflecting a pattern of illegal repossession, demanding cash-only payments, failing to provide titles, and harassing consumers." Id. ¶ 17.

On August 5, 2025, without any prior written notice of default or right to cure, Westlake repossessed plaintiff's vehicle. Id. ¶ 18.

A Westlake representative immediately demanded $5,500 (the full balance), plus a $500 repossession fee, payable only in cash via MoneyGram, threatening to auction plaintiff's vehicle within days. Id. ¶ 19. "The stated reason was the accounts 'charge-off' status—the very status Mechanics Bank had concealed." Id.

Plaintiff filed complaints with the California Department of Financial Protection and Innovation ("DFPI") and the Consumer Financial Protection Bureau ("CFPB"). Id. ¶ 20.

"In response, Westlake provided the damning payment history (Exhibit B), admitting they had accepted payments post-charge-off." Id. ¶ 21.

"Days later, Westlake tacitly admitted the wrongful repossession by having the car returned to Plaintiff's driveway without explanation, communication, or resolving the loan status. This conduct shows bad faith and knowledge of their own wrongdoing." Id. ¶ 22.

Defendants continue to furnish inaccurate "charge-off" information to credit bureaus, damaging plaintiff's credit. Id. ¶ 23.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

## IV.    DISCUSSION

Westlake moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's third claim for violation of the FDCPA and plaintiff's fourth claim for violation of the Rosenthal Act.  Mot. at 2-5.

### A.    Fair Debt Collection Practices Act

Westlake argues that plaintiff's FDCPA claim against Westlake fails as a matter of law because the SAC fails to allege that Westlake is a "debt collector" within the meaning of the statute.  Mot. at 3.  Westlake argues that, as an alleged servicer of plaintiff's loan, it was collecting a debt owed to itself and thus cannot be a debt collector under the FDCPA, which defines debt collectors as those who collect debts "owed or due … to … another."  Id. at 2 (citing 15 U.S.C. § 1692a(6)).  Rather, Westlake argues that plaintiff's allegations establish that Westlake is a "creditor" under the FDCPA, which is defined as an entity "to whom a debt is owed."  Id. at 3 (quoting 15 U.S.C. § 1692a(4)).  Moreover, defendants argue that even if Westlake qualified as a debt collector under the FDCPA, the FAC fails to allege that Westlake violated the FDCPA because Westlake had every right to collect on plaintiff's debt, given that it was charged-off due to plaintiff's delinquency.  Id. at 5-6 (citing cases).

In opposition, plaintiff argues the FDCPA excludes from its definition of a "debt collector" any person collecting a debt "to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person," 15 U.S.C. § 1692a(6)(F)(iii); therefore, plaintiff argues that, by negative implication, Westlake is a "debt collector" within the meaning of the FDCPA because the debt was in default when Westlake acquired it.  Opp. at 3.[1]

In reply, Westlake argues that even if plaintiff could establish Westlake was collecting a debt owed to another, Westlake would still fall within the statutory exception

---

[1] In his opposition, plaintiff misquotes and mischaracterizes existing caselaw and cites a case that does not appear to exist.  See Opp. at 3-4 (citing "Bridge v. Credit One Fin., Inc., 2021 WL 1087376, at *5 (D. Ariz. Mar. 22, 2021)").  In its reply, Westlake highlights these issues.  Reply at 2-4.  The Court strongly admonishes plaintiff to comply with his obligations under Rule 11 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

to the definition of a "debt collector" under 15 U.S.C. § 1692a(6)(F)(iii)—which excludes from the definition of "debt collector" any person collecting a debt due owed another that "was not in default at the time it was obtained"—because the SAC's "factual allegations establish that the debt was reinstated and current [that is, not in default] at the time [Westlake acquired the debt]." Reply at 3-4. Westlake argues that the Court should "not accept the conclusory assertion that the debt was in default at the outset of Westlake's servicing where it is contradicted by the complaint's own factual narrative." Id. at 3.

Plaintiff's FDCPA claim fails because the FAC does not allege that Westlake is a "debt collector" within the meaning of the FDCPA. "The FDCPA makes debt collectors strictly liable for misleading and unfair debt collection practices." Kaiser v. Cascade Cap., LLC, 989 F.3d 1127 (9th Cir. 2021). "The FDCPA applies to debt collectors (rather than creditors), who are defined in [the statute.]" Anderson v. Kimball, Tirey & St. John LLP, No. 3:13-CV-253-JM (NLS), 2013 WL 12086645, at *3 (S.D. Cal. July 9, 2013). Under the FDCPA, "any person who offers or extends credit creating a debt *or to whom a debt is owed*" is a "creditor"; by contrast, the FDCPA defines a "debt collector" as "any person … who regularly collects or attempts to collect … debts owed or due … to … *another*." 15 U.S.C. § 1692a(4), (6) (emphases added). Further, "it is well-established that ... a loan servicer is not a 'debt collector' under the FDCPA." Okada v. Green Tree, No. C-10-0487 JCS, 2010 WL 1573781, at *3 (N.D. Cal. Apr. 19, 2010) (citing cases). See also Morgan v. U.S. Bank Nat. Ass'n, No. C 12-03827 CRB, 2012 WL 6096590, at *6 (N.D. Cal. Dec. 7, 2012) (noting that the legislative history of the FDCPA "highlights Congress's intent to police the coercive, unrestrained activities of third party debt collectors as distinct from debt servicers"). The Supreme Court has explained:

[T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts "owed ... another." And by its plain terms this language seems to focus … on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another." And given that, it would seem a debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

purchaser … may indeed collect debts for its own account without triggering the statutory definition [of "debt collector" under the FDCPA].

Henson v. Santander Consumer USA Inc., 582 U.S. 79, 83 (2017).

Here, plaintiff alleges that Westlake "purchased Mechanics Bank's auto loan portfolio and serviced Plaintiff's loan." SAC ¶ 7. Because plaintiff alleges that Westlake is a loan servicer who was managing a debt owed to Westlake and collecting a debt owed to another, his FDCPA claim against Westlake fails as a matter of law.

While a "debt collector" under the FDCPA is *also* defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" (the "principal purpose" definition), 15 U.S.C. § 1692a(6), plaintiff does not allege in his SAC that Westlake satisfies this definition—that is, plaintiff does not allege that the "principal purpose" of Westlake's business is "the collection of any debts." See Barbato v. Greystone All., LLC, 916 F.3d 260, 267 (3d Cir. 2019) (holding that "[a]n entity qualifies [as a debt collector] under the [§ 1692a(6)] definition if the 'principal purpose' of [the entity's] 'business' is the 'collection of any debts,'" and noting "the Supreme Court … in Henson [did] not opin[e] on whether debt buyers could also qualify as debt collectors under that ["principal purpose"] prong of § 1692a(6)"); McAdory v. M.N.S. & Assocs., LLC, 952 F.3d 1089, 1090 (9th Cir. 2020) ("We join the Third Circuit in concluding that an entity that otherwise meets the 'principal purpose' definition of debt collector cannot avoid liability under the FDCPA merely by hiring a third party to perform its debt collection activities.").

Although plaintiff alleges that, "[a]t the time Westlake obtained Plaintiff's loan, [the loan] was already in default and had been charged off," SAC ¶ 7, this does not affect the Court's conclusions.[2]

---

[2] The FDCPA states that the term "debt collector" "does not include … any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6). However, contrary to plaintiff's "negative implication" argument, it does *not* follow that a person who collects or attempts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-11725-CAS-ASx | Date | June 29, 2026 |
|---|---|---|---|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | |

The Court has afforded plaintiff an opportunity to cure his FDCPA claim against Westlake, but plaintiff has failed to do so.  See dkt. 23 at 17.  Nonetheless, because plaintiff could possibly amend his SAC to allege that Westlake satisfies the definition of a "debt collector" under the "principal purpose" definition of 15 U.S.C. § 1692a(6), the Court finds that granting plaintiff further leave to amend is appropriate.  See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("[L]eave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's FDCPA claim against Westlake, without prejudice.

### B.      Rosenthal Act

Westlake argues that plaintiff's Rosenthal Act claim against Westlake fails because "[it] is expressly predicated on Westlake's purported FDCPA violations" that fail as a matter of law.  Mot. at 4-5.

In opposition, plaintiff argues that his Rosenthal Act claim is sufficient because his FDCPA claim is sufficient.  Opp. at 5-6.

In reply, Westlake repeats its argument.  Reply at 5.

Under the Rosenthal Act, it is unlawful to cause "a telephone to ring repeatedly or continuously to annoy the person called," Cal. Civ. Code § 1788.11(d), or "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and constitute an harassment to the debtor under the circumstances." Id. § 1788.11(e).  See also Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1229 (E.D. Cal. 2010).  "The provisions of the FDCPA are incorporated into the Rosenthal Act such that 'a violation of the FDCPA is per se a violation of the Rosenthal Act.'"  Best v. Ocwen Loan Servicing, LLC, 64 Cal. App. 5th 568, 576 (2021); see also Cal. Civ. Code § 1788.17.  Dantzler v. PHH Mortg. Corp., No. 2:23-CV-10562-MRA-MAR, 2024 WL 5379405, at *5 (C.D. Cal. Dec. 23, 2024).  "To state a claim under the Rosenthal Act, a plaintiff must establish that (1) they are a "consumer," (2) who was the object of a

---

to collect debt that *was* in default at the time it was obtained by such person is a "debt collector" within the meaning of the statute.  See Opp. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:25-cv-11725-CAS-ASx | | Date | June 29, 2026 |
|----------|------------------------|---|------|---------------|
| Title | Ted B. Lanier Jr v. Mechanics Bank et al. | | | |

collection activity arising from a "debt," (3) the defendant is a "debt collector," and (4) the defendant violated a provision of the FDCPA." Dantzler v. PHH Mortg. Corp., No. 2:23-CV-10562-MRA-MAR, 2024 WL 5379405, at *5 (C.D. Cal. Dec. 23, 2024).

Because plaintiff fails to state a FDCPA claim, his Rosenthal Act claim also fails. Ramsire v. Collectcorp, Inc., No. C 05-03401 WHA, 2006 WL 8459564, at *3 (N.D. Cal. Jan. 26, 2006) ("Since plaintiff fails to state a claim under the FDCPA, plaintiff also cannot state a claim under Section 1788.17 of the Rosenthal Act. … To succeed under this state provision, therefore, plaintiff would need to state a claim under a provision of the FDCPA. Plaintiff does not do so.").

The Court has afforded plaintiff an opportunity to cure his Rosenthal Act claim against Westlake, but plaintiff has failed to do so. See dkt. 23 at 17. Nonetheless, as discussed, because plaintiff possibly could cure his FDCPA claim by alleging that Westlake is a "debt collector" under the "principal purpose" definition of 15 U.S.C. § 1692a(6), the Court finds that granting plaintiff further leave to amend is appropriate.

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiff's Rosenthal Act against Westlake, without prejudice.

### V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Westlake's motion to dismiss plaintiff's FDCPA claim against Westlake, without prejudice.

The Court **GRANTS** Westlake's motion to dismiss plaintiff's Rosenthal Act claim against Westlake, without prejudice.

Plaintiff shall file a Third Amended Complaint, if any, within fourteen (14) days of this order.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |